Roberts.  Roberts. Roberts. Roberts. You're argument first this morning in case 16-399. Perry v. Merit Systems Protection Board. Mr. Landau. Landau. Mr. Chief Justice, it may have pleased the Court. The parties here agree that a Federal employee has a mixed case when he alleges that he was affected by an appealable civil service action and discrimination. The parties dispute whether the case ceases to be a mixed case if and when the Board decides that the employee hasn't proven that he was affected by an appealable civil service action. The answer to that question is no. Whenever the Board rejects an employee's allegations that he was affected by an appealable civil service action, the Board is making a substantive decision on the merits of the employee's civil service claim. That point has nothing to do with the Board's jurisdiction and, therefore, nothing to do with whether the employee has brought a mixed case reviewable in district court as opposed to the Federal circuit. Here, as in so many cases, the root of the problem is the word jurisdiction. Whenever the Board rejects an employee's allegations that he was affected by an appealable civil service action, the Board labels its decision jurisdictional. That label is incorrect. The Board's conclusion that the employee's civil service claim fails on the merits doesn't retroactively strip the Board of jurisdiction, just as the failure of an alleged Federal question on the merits doesn't retroactively strip a Federal court of jurisdiction. Kennedy, I'm sorry. Kennedy, just as an introductory question, Mr. Lane, it's probably more for the government than for you. But if the government were to review this same case, could potentially go from the Board to the Federal circuit, back to the Board, then to the district court. Is there any other scheme like that? Is there anything that the government might point to that is an analogous scheme? I don't think they'll be able to, Your Honor, and certainly that detour to the Federal circuit can't resolve the case is unprecedented in my experience. Certainly the district court couldn't resolve the case at this point either because the internal remedies weren't exhausted. So if the appealability, the civil service appealability goes to the district court, then it has to go back to MSPB, and it gets to the district court only if the EEO remedy has been exhausted. Isn't that so? Well, you raise an interesting question, Your Honor, about exhaustion. Exhaustion is a defense. If the government – if you're in the district court and the court rejects the – the Board – excuse me, the court affirms the Board on the civil service claim, again, that that's really a merits determination that the Board has made, notwithstanding its label, then there would certainly be a question, Your Honor, as to whether or not the discrimination case has been exhausted. There are – Well, couldn't the government take the position that it hasn't been, and exhaustion is a requirement? You can't get to the district court on a discrimination claim without exhausting your internal remedy. They could take that position, Your Honor, and arguably they certainly could be a fight about exhaustion at that point, whether or not having presented the case to the MSPB in the first instance was exhaustion. But if not, Your Honor, even under the government's own scenario, district courts deal with unexhausted claims every day and have mechanisms for dealing with that. The district court could hold the case in abeyance, for instance, and send the case – and require the employee to exhaust in the agency, but that doesn't mean that the case doesn't belong in the district court in the first place. That's really a kind of a remedial point. Once you wind up in the district court, our whole point here is that this is a mixed case, so you should be in district court in the first place as opposed to the Federal Circuit. Could I just say – You could go to the district court right away simply by skipping the MSPB, right? Absolutely. And that's one of the problems with their argument, Your Honor, because under – under that point, one of their main arguments is that the scheme is set up to create a uniform system of – a uniform jurisprudence of civil service appealability decisions. But that argument doesn't work on its face precisely because, as Your Honor just stated, you don't have to go the MSPB route to do this. Well, I think – I think you're right that it's a problem. I just can't figure out who it's a problem for. The – I mean, if you're concerned about the consequences of what the MSPB might do, you can skip it altogether and go to the district court right away, right? Yes, but you certainly don't get penalized. You have to – you have to exhaust before you go to the district court. You couldn't just go from the decision to the district court. Correct, Your Honor. No, I think that's correct. But there's two – Well, but that – that takes place – I just want to make sure I've got the flow here right. That takes place before you get to that fork in the road, right? If this is a mixed case in which you file your complaint with the agency. Yes. And then you can go either to the district court or to the MSPB. Correct. You can exhaust. Now, before you can do that, you have to exhaust, right? No. Filing your complaint in the agency EEO is the exhaustion mechanism in the agency. The alternative exhaustion mechanism is to go to the MSPB. So you have the two paths there. The point that I was making earlier, Your Honor, just to be clear, is that you can have a situation where you go straight from exhausting in the agency EEO your mixed case, so the mixed case also can be exhausted in the agency EEO. That – and in that determination, this is 7702A2, the EEO – the agency EEO also has to make a determination under 821 about the board's jurisdiction. So there has to be an appealability determination made by the agency EEO. But we know that the agency EEO decisions always go straight to district court. They never go to the Federal Circuit. So it can't possibly be that there's this desire for a uniformity of a law of appealability in the Federal Circuit if one of the two avenues, the agency EEO avenue, never sends you near the Federal Circuit. If you had chosen to go directly to the district court, if you had bypassed the Merit System Protection Board, would you be able to raise in the district court the question whether the alleged removal was proper under 7513, whether it was – would promote the efficiency of the service, or would you have at that point only the discrimination claim? Well, Your Honor, just to be clear, you – in any of these mixed cases, you have to exhaust somewhere, either in the MSPB or in the agency EEO. So in either scenario, we can see that you have to exist – excuse me, you have to exhaust. But say – say you exhaust in the agency EEO. Yep. Do you still have your civil service claims that you can bring in district court? Absolutely. That's the mechanism. I was surprised. If the government says not, but it doesn't cite anything when it says not. And we point out at the footnote in our reply brief that we found that a very surprising assertion in the government's brief, because that's clearly wrong. You don't lose your civil service claim. The statute very clearly, 7702A2, sets forth the agency EEO as an alternative to the MSPB for exhausting mixed claims. And so I don't know where that idea came up, but we firmly disagree with that. Mr. Landau, that raises a question I have for you. It seems to me that both sides agree on the premise that mixed cases can go to the district court. So the district court can adjudicate some civil service disputes. Correct. Where in the statute is that provided? I look at 7703B2, and it speaks of cases of discrimination filed under Federal discrimination laws go to district court. That's it. Right. And then I look at the standards of review. And the standard of review for the Federal Circuit talks about normal agency, APA-type review in C. Right. Which makes sense for civil service claims. Right. And the only standard of review mentioned for district courts is de novo. Right. Which makes sense for discrimination claims, but not for civil service claims that might tag along in district court. Right. So by what authority does a district court ever have the power to hear a civil service claim? Just to start with the latter part of your question, Your Honor, the statute, as is often the case, is not the most carefully drafted. There is no question, in fact, the direct holding of this Court in Kleckner is that mixed cases go to the MSPB. But putting aside Kleckner, looking at the plain language of the statute for a moment, if you could just help me with that. Sure. Sure. Well, there is no question, even before Kleckner, that the statute sends cases of discrimination, basically, cases go from the district court. But the fact of the matter is that the federal statute, the MSPB statutes, are cases of discrimination under federal discrimination statutes and not civil service disputes. Right. They call them that. You are absolutely right. The case, it calls them that in the statute. But if you look then, it's a title of 7702, Your Honor. It has, I'm looking here, it's called Actions Involving Discrimination. So 7703, which I think is what you are referring to, the exact language in 7703b2, cases of discrimination subject to the provisions, I believe that's the language you just read, shall be filed under. Right. And then it sends you, though, shall be filed, you know, subject to the provisions of 7702, shall be filed under. And what that is really saying is you file those cases as a stand-alone complaint. In other words, you are not seeking review of agency action at that point. When you have one of these cases of discrimination, and again, when you go to the title of 7702, it's called Actions Involving Discrimination. But 7- But why, I'm sorry for taking up so much time, I apologize, my last question. Why does subject to mean it has to meet the standards of 7702 rather than it's a claim that's subject to the test of 7702? Well, it is. I guess it all sends you to the same place, though, that you all will – I think the point is that when you have a discrimination claim, you wind up in district court. I think the text of the statute, 7703b2, sends you to 7702a1 – or 7702, and those are the actions involving discrimination. But it's always only actions of discrimination filed under Federal discrimination statutes. Well, but we're talking – right, because you have a claim on that, but we're talking about such cases, such claims within the contour of a mixed case, which is also a case that involves a civil service claim. Look, it seems to me there could have been two ways to set up this regime. You could have had a regime where all the civil service claims go to the Federal circuit, and all the discrimination cases go straight to district court. But Congress decided that it wanted to prevent claim splitting. So it wanted employees, because they often come – often employees have the same – have both of these. And it wanted to create a regime, a sensible, efficient regime, that would allow employees to bring them together. And so – Alitoso, can I ask you a question about the language of 7702a1a and b, which is the provision that specifies the jurisdiction of the MSPB. So subparagraph capital A says, has been affected by an action. And subparagraph b says, alleges that a basis for the action. So what should I read into the different language used in those provisions? The second one, b, certainly concerns allegations. But a doesn't say, alleges that he has been affected by. It says, has been, maybe affected – in fact, affected by. Your Honor, you are exactly right. The government says that you should draw a negative inference from the absence of the word, alleges, in a. And, you know, I think that, in truth, is their strongest textual argument. What's wrong with it? What's wrong with it is, as this Court reiterated as recently as SW General last month, whenever you're talking about this kind of negative implication, it has to be a sensible one, and you have to ensure as a Court that Congress really wanted to say no to the other one. And I think here, the text and structure of the statute tell us that the a has to refer to allegations. As we said in our brief, there's another provision, 7513d, that says an employee – excuse me, 7513d says an employee against whom an action is taken under the section is entitled to appeal to the board. That, again, has to be an allegation. And that is, of course, the way our law generally works. As we pointed out in our brief, the Federal question statute doesn't say, alleges. It just says, if you have a Federal question. Our proposition is very much that Congress legislates against the backdrop of what I'll call the Bell v. Hood principle, that when the jurisdiction of an adjudicatory body is triggered by allegations, and the ultimate failure of those allegations on the merits doesn't retroactively strip that body of jurisdiction. And the negative inference to which you alluded and to which the government makes a point is not enough to say that Congress meant to throw that all out the window and to create a scheme where it sends you, going back to Justice Kennedy's first question, on this kind of needless frolic and detour to the Federal circuit. Ginsburg. I don't see the needless frolic. This question of appealability has to go someplace. You say it goes to the district court. The other side says it goes to the Federal circuit. But in this case, your discrimination claim is fully protected, isn't it? Even if you have to go to the Federal circuit on the civil service claim, you can still go to the district court with the discrimination claim. Absolutely, Your Honor. That is true. But that is not a reason to say that we should take a detour to the Federal circuit. It is true, and the government is correct, that they're not saying we lose — everybody agrees that we have the ultimate right, we will ultimately wind up in district court on the discrimination claim. So the real question is, did Congress create a regime where on the way to the district court you have to go way up to the Federal circuit to adjudicate just this one appealability question? And the answer to that, we think, in light of the text, is no. Kagan. You're being generous to the government, Mr. Landau. The government says that it's only by regulation that they will toll the discrimination claim and that they could get rid of that regulation tomorrow, and then the discrimination claim would not be tolled and you could run out of time on it. Isn't that right? I think even you are being generous to the government, Justice Kagan, because I think they say that some of these regulations don't even necessarily apply, and they even evoke equitable tolling in one of the footnotes to their brief, because I think some of the regulations refer to 7702, and their whole theory says that 7702 never comes into play at all if the MSPB ultimately concludes that the civil service action fails on the merits, if you don't have the appealable civil service action. Mr. Landau, does that not suggest that this detour to the Federal circuit may not be what's prescribed by the statute, and that, again, bifurcation should take place and discrimination claims should go to the district court in the first instance rather than hang around waiting in the Federal circuit, hopefully, hopefully, with a regulation that might or might not say that those are tolled? But, Your Honor, I think the point is bifurcation, you are absolutely correct that the statute or, just to be clear, the statute wants to avoid bifurcation by allowing employees to bring these claims together. In other words, that is one of the questions. Roberts, my question is just where? Well, I think the question is if you look at 7703b1, it says, it's called, 7703 is judicial review of decisions of the MSPB, and then it says, except as provided in subparagraph b and paragraph 2 of this subsection, they go to the Federal circuit. So the background rule is that all appeals from MSPB decisions go to the Federal circuit, but the exception is what's important here, and the exception is cases of discrimination, so that's suggesting that you have cases of discrimination that are before the MSPB. Cases of discrimination. Subject to all this are cases that can still be. Keep going. Keep going. Subject to the provisions of section 7702 of this title shall be filed under section 717c. Right. Right. But so you have to look. What is a case of discrimination subject to the provisions of section 7702 of this title? You also have to ask what are cases of discrimination filed under 717, right? Correct. And those are classic discrimination claims that are filed in Federal district court. Correct. Correct. And so I think I am maybe emphatically agreeing with you, and I hope so. Okay, good. I hope so, too. I'm not really sure, but I think I am. I think, again, I think everybody agrees that when you have a case of discrimination, it has to go to wind up in district court. I think, you know, the question here really is that the government insists that under the The question is where is the detour to the Federal circuit that you also anticipate and seem to agree can happen? No, we don't. I'm sorry. Well, you say the question is whether it's told while it's sitting in the Federal circuit. No, no, no. I was asked a question whether or not the tolling was enough to the government's position basically is that the tolling is enough to save that, that you shouldn't worry about going to the Federal circuit because the discrimination claim will be told. Our point is, okay, that somewhat solves the government problem, but you shouldn't have to go to the Federal circuit at all. We are not the ones pushing the tolling by any means. I'm sorry if I was not clear on that. That's the government's theory, because the government, instead of having a case, what they want to do is have two disembodied claims that are somehow floating around together. And they concede that the Federal circuit can only address the civil service claim. But our point is, this isn't individual claims. These are cases. These are mixed cases that Congress has joined and they are trying to rend them asunder and to have these disembodied things going to separate places. And that, I think, is the heart of it here. Again, I think that the critical point here is that the word jurisdiction is being misused. I don't think anybody would disagree that if the – if there weren't even allegations on the face of the complaint, that that would be a – that would give rise to a serious civil service action. That is a jurisdictional problem. I think the problem here is that the Board is making the classic kind of mistake that this Court has for 20 years been trying to correct of the profligate use of the word jurisdiction. And it is saying, when we decide on the merits, for instance, in this case they decided the settlement here was voluntary, so you gave up all your claims. That is a substantive determination on the merits. The Board is labeling that determination jurisdictional. That's what's getting us into this whole mess, that the Board is calling these decisions that are actually substantive jurisdictional. Sotomayor, I'm sorry. Does that mean that a finding that this suspension or a furlough wasn't of the required number of days, is that jurisdictional? Are you – are you just arguing that this situation involving a settlement agreement is not actually jurisdictional? Or that any ruling where the Board says we don't have power to hear this case is not jurisdictional? It is not – when the Board decides, if you – as long as the complainant alleges something that is one of the serious civil service actions, if the Board rejects that – Let's go to the suspension. You need to have a suspension of a certain number of days. Fourteen days, Your Honor. All right. And let's assume that the person only was suspended for 13 days. Correct. Okay. In fact, the extra two days that they thought they served was taken off of medical leave. For some reason it didn't fall. Is that a jurisdictional? No, Your Honor, because they have a legitimacy. Do you think that any dismissal, whatever the basis – As long as it has been alleged, that's enough to trigger the Board's jurisdiction. As long as the person thinks the Board can hear this? As long as the person alleges that, just as you can – in Bell v. Hood, a person brought what turned out to be a Bivens claim in 1946, and this Court said there is jurisdiction over that claim. The fact that the claim fails on the merits, which it did in 1946, is not a reason to say that there was not jurisdiction. It's a strange use of the word merits, because generally merits is an adjudication of the actual claim, i.e., I was discriminated against or I was furloughed improperly. Not that a Board doesn't have the power to hear something. That's not generally considered a merit. But, see, I think the Board did have the power to hear that. I think – look, it is especially – You're absolutely right. Every court has or every entity has the power to determine their own jurisdiction. So there is a circular problem to this argument. And your point is – that you started with, Your Honor, is particularly powerful here in a case of constructive discharge, where there is a complete and total overlap between the merits of his claims and what they're calling a jurisdictional determination, because they're saying, hey, you gave up all your claims in a settlement agreement, this is all voluntary action. That is the whole ball of wax, both for his civil service claims and, frankly, for his discrimination claims. Sotomayor, can I just ask a simple question? What happens if you had gone to the district court first, if you were permitted to? Well, again, we would have to exhaust, either in the agency EEO or through the MSPB, and then what we would ask the court to do is – Let's assume you went to the agency. Okay. And you then went back to the district court. Okay. What happens to the Board's finding that the settlement was voluntary? How does that get reviewed and by whom? It gets reviewed in district court. I think this goes back to a question that Justice Gorsuch asked earlier, that the standards of review is oddly written in 7703, I can't remember if it was C, because it doesn't refer to the district court's standard review of the civil service claim. But, of course, just to be clear, that is true for cases where mixed cases involve substantive civil service issues and procedural civil service issues, and everybody agrees that those go to district court. So we're not asking this Court to break any new ground. No, just to continue to make it up. Well, no, I'm just – Your Honor, again, I think the fact that it's not there just doesn't mean that it's not supposed to, because the statutory scheme – Just because it's not there doesn't mean it shouldn't be there. I agree with you, but it's not there. It's not there. But then the – but, again, you face a textual imperative cutting both ways, because the text clearly does send some of the – send these mixed cases to district court in cases involving discrimination claims. So the question, then, is what standard of review should apply to the civil service component of the mixed case when it arrives in district court? I believe that was Justice Sotomayor's question. And the answer to that is all the courts that have addressed the issue have held that it is the same arbitrary and capricious standard of review that applies to agency action generally and that the Federal Circuit would apply to this, because you are reviewing agency action. With respect to the civil service claim, the adjudicator is – the main adjudicator is the – the board, and you're just getting agency review of that. With the civil – with the discrimination claim, the main adjudicator is, in fact, the district court, and you're just exhausting on your way there. I see that my light is on, and I'd like to reserve the balance of my time. Thank you, counsel. Thank you. Mr. Fletcher. Thank you, Mr. Chief Justice, and may it please the Court. The Federal Circuit generally has exclusive jurisdiction to review the MSPB's decisions, but Section 7703b2 carves out an exception that sends mixed cases to the district court. That exception doesn't apply here because the board concluded that Petitioner does not have a mixed case and then dismissed without deciding anything else. As a result, Petitioner, unlike the plaintiff in Klockner, is not seeking to bring a mixed case into the Federal courts. Instead, he is seeking to be – Well, that's what – go ahead. That's what the board says, but we don't know that, right? Isn't it for the district court to make exactly that determination? Well, I think what the board said is that he doesn't have a mixed case, and that has shaped what he's asking the courts to decide. So he is not seeking further processing on his mixed case. He wants a Federal court, either the district court or the Federal court. But he still thinks he has civil service claims in addition to discrimination claims. And the only thing he wants the court to do, and I think this is clearest on page 18 of the reply brief, he wants whichever court it is, either the reviewing court or the district court or the Federal circuit, to decide to reverse the board's decision that he didn't suffer an appealable action and send the matter back down to the board for further proceedings on both his discrimination claims and his civil service claims. Well, that's because the board didn't – said that it was not reviewing the merits of his civil service claims. But he still thinks he has civil service claims and discrimination claims. And so he's rejecting the idea that the board – the board has said it's not a mixed case, but he thinks it's still a mixed case. And the question is, who decides that? Because if it is a mixed case, it's going to go back to the MSPB. It's going to go back to the district court eventually. Exactly. It's going to be processed by the MSPB as a mixed case. If he doesn't win there, he can then get back to the district court. So I don't see that, Mr. Fletcher, as addressed by this statutory language that you talk about. You know, you talk about 7702, and as Justice Alito said, you said A says has been affected and B says alleges that a basis for the action was discrimination. But all 7702 does is it defines a category of cases, these mixed cases, and that's what defines them, that it – that the employee has been affected by a certain kind of action and makes a certain kind of allegation. And it says, well, the board decides that, and then 7703 says that afterwards it goes to the district court. But what is left completely unaddressed in this is the question of who decides whether this is a mixed case, as defined by 7702. 7702 doesn't tell you that. It's a – so where in the statute do you think it tells you who decides whether something is a mixed case as defined by 7702? Well, for purposes, that question can come up at different points. The question for which it's relevant here is the question, does this appeal go to the Federal Circuit or does it go to the district court? And for that purposes, I think there are basically three options for who decides, one option that no one is advocating. I'm just asking you, you know, you point to this language. This language doesn't get you there. I'm just asking whether you have other language to point to that suggests that the who decides question ought to be in the Federal Circuit. Well, let me first take a run at you on this language, because I think what it does say, as Justice Alito pointed out, is that the employee's allegation is sufficient as to the discrimination content, but not as to the other. No, it obviously makes a distinction between allegations and being affected by an action. But only, all that this provision does is it defines what a mixed case is and says the Merit Systems Protection Board will decide that mixed case. And the definition of a mixed case has one element, which is an actual thing, and another element, which is an allegation. But this is only the statement that the Board will address mixed cases. It doesn't say anything about what happens if there is a dispute as to whether there is a mixed case, who gets to decide that question. And the only point I'm trying to make is that I think it may not answer that question definitively in your view, but I think the fact it cuts against my friend's answer, which is that we should take the employee's word for it. If the employee alleges he has a mixed case, it ought to be treated as such for purposes of these questions, because the statute makes an allegation sufficient only as to one of two elements. That may not be definitive. Roberts, that's the way the system works generally. I mean, there are all sorts of statutory programs where there are prerequisites to proceeding. You know, the Clean Water Act, you know, you can only proceed if the company is discharging water into navigable water. But the system always works by the fact it has to start with an allegation. That's the one provision does say alleges and the other doesn't, but it's hard to see how the system doesn't turn on preexisting facts. The way you answer facts is you have an allegation, then you have a response and all that. So I don't think the fact that it, A, did not use the word alleges can really be that significant. Well, I think our system does work that if you have a provision that a tribunal, a court, an agency, whatever, can hear a certain kind of case, by necessity when someone comes in and claims to have that sort of case, you have to take their word for it, at least insofar as you have to hold proceedings to figure out if they are right. I think our point, though, is that when you have jurisdictional allegations, like, say, diversity jurisdiction or any other number of other jurisdictional elements, and you then have factual proceedings or legal proceedings to test the case, if they are found lacking, then the result is that the case is dismissed for lack of jurisdiction. And here you can't appeal that and have a choice to seek a review of it. And you are talking about matters that are large, I think the majority of the cases brought pro se. That's right. We have had, I won't say difficulty, but we have had a lot of cases trying to decide whether something is jurisdictional or procedural, and it's not always an easy question. And to suggest that people, you know, filing these things pro se will be able to understand, well, that's jurisdictional, but it may actually be jurisdictional in the sense of being a claims processing rule as opposed to substantive jurisdiction, I think you are putting a huge burden on the system. So let me say a couple of things about that. The first is that this is the sort of jurisdiction in the abstract. Our rule turns on the language that this Court focused on in Klockner, which says you have a mixed case if you have been subject to the sort of action that you can appeal to the board. That's all we mean by jurisdictional. And the second point, I take your point that many of the employees who proceed through this process are pro se, and that's why the process takes steps to protect their rights. At the end of every board decision is an advisory about appeal rights, and when, as in this case, the board concludes that it doesn't have a jurisdiction because the action wasn't appealable, it advises the employee that their right to seek review is in the Federal circuit. So I take the point that this is a rule that employees may have to handle on their own, but the system helps them through that. But the whole point of this scheme, generally, and we've said this and it appears on the face of the statute, is to make sure that the employee doesn't have to claim split. And so we've said when the board dismisses your claim on the merits, you can take it to the district court, and we've said that when it dismisses your case on procedure, you can take it to the district court, you can do everything in the district court, you don't have to split it up, do one thing in the Federal circuit and one thing in the district court. And now for this one category of thing which you call jurisdictional, Mr. Landau says in this case it looks an awful lot like a merits determination, but anyway, for this one category of thing, we're going to treat it differently, we're going to insist that you split your claims and not bring the discrimination claim in the Federal circuit because you can't bring it there, but instead you have to go to the Federal circuit on your CSRA claim. Landau, Justice Kagan, I disagree that this is claim splitting. We are not taking just part of the case, he's not taking just the civil service claims to the Federal circuit. Again, I point to reply brief page 18, where he explains that if the reviewing court, be it the Federal circuit or the district court, concludes that the board was wrong on the appealability question, both parts of the case are going to go back down to the board for further processing. So this isn't the discrimination side. Kagan It's temporary claim splitting. It's, you know, you have to put your discrimination claim on the back burner and proceed with respect only to your civil service claim and decide, you know, whether the board can review that or not. That's the kind of claim splitting. I mean, you can say eventually it will all get into the same place, but eventually it can be a long time, and as I said before, your discrimination claim may have lapsed by then and you don't guarantee that it will survive. And so that seems to me something which is, you know, really cuts against the way this scheme works in the vast majority of cases and the way we have said it should. Goldstein But I think the only thing, none of that is unique to our rule. I think even under Petitioner's rule, you're going to have a threshold dispute about was this an action appealable to the board. Under Petitioner's rule, that threshold dispute, there's going to be a detour to the district court to decide that threshold dispute, and if the district court concludes that the employee did not have an appealable action, then the employee is going to need some sort of tolling rule or something to forgive the missing of regulatory deadlines, because that employee has not properly exhausted a pure discrimination  So I think I've Sotomayor All right. May I ask you that question? I was following your argument in your brief until I got to footnote 3 on page 23. You know which one I'm referring to? Goldstein I do. Sotomayor So there is, you're saying that the regulations that provide essentially for tolling, that there's no statutory basis for them. Are you saying, or at least not Goldstein Not 7702F, yes. Sotomayor Are you saying that there isn't another one or that this regulation is open to challenge, and if it is, then nothing gets tolled? Goldstein No, certainly not. I think the general rule, the EEOC has general rulemaking authority for the processing of Federal employment discrimination claims, including mixed cases through the administrative process. Its general rule, even apart from the particular one that we're relying on here, is that deadlines are subject to tolling and waiver and other sorts of provisions. And so I think even apart from the specific authority in 7702F, there would be room for a tolling rule like this one. I think the Ninth Circuit's decision in Sloan v. West, which is one of the early pre-Klockner cases that looked at this question, concluded that this sort of tolling would be required as a matter of equitable tolling. So again, on the tolling issue, I think either side is going to need some sort of tolling rule, and I think there's plenty of room to make that sort of tolling rule once it gets sorted out, which forum the employee option is. Roberts It is odd, though, it is odd that the only category of cases that you say has to go through the Federal Circuit, through the MSPB, are the cases in which the MSPB thinks they don't have jurisdiction. Goldstein Well, I Roberts You have two cases that have always come together, and the one they say, no, no, that's got to go to the MSPB, and I mean, that's got to go to the Federal Circuit because we need uniformity, are the cases where they don't think there is a claim under the Civil Service Act. Goldstein I actually think, I understand that that may seem odd viewed from one angle. I actually think it makes a lot of sense when you think about why Congress made the exception for mixed cases to begin with. Generally, all board decisions go to the Federal Circuit because we want uniformity, we want the efficiency of just a single layer of judicial review. We carve out mixed cases because those cases include claims of discrimination. Employees have a right to trial de novo on their discrimination claims, and you obviously can't get that in the Federal Circuit. But here, and again, I go back to the nature of the question that the employee is presenting to the court. It is not a discrimination claim on which there will be a trial de novo. It's just the discrete question, is this an appealable action? Everyone agrees that that question is just a matter of Federal civil service law of the sort that the Federal Circuit answers every day in nonmixed cases and that district courts rarely, if ever, answer. Ginsburg. Why is that labeled jurisdictional? I mean, I see it, and the employee says, these adverse actions were taken against me. I was suspended. And then I was forced into early retirement. Those are adverse actions. And then the MSPB said, but you surrendered those claims. That's ordinarily like a release. It's like a defense. I don't see how it gets to be jurisdictional. I think this is most clearly laid out on page 4a of the petition appendix in the D.C. Circuit's opinion.  And I think the rule that's at issue here, and I just want to point out, even if you don't agree with me on this, is that a voluntarily accepted action is not an adverse action that's subject to the board's jurisdiction. So here, take the resignation. Petitioner facially resigned or retired his employment. The board only has jurisdiction over a removal. And so the board has said, ordinarily, obviously, we wouldn't have jurisdiction over a retirement. But if you can show that you were coerced into retiring, we'll treat that like a constructive removal within our authority here. We'll treat that like an appealable action. And I think the rule that's at issue here, and I just want to point out, even if you don't agree with me on this, that's not really the question presented in this case. The case comes to the Court on the premise that this was decided on appealability  And even if you disagree that this particular ground is, in fact, an appealability ground, lots of them are. Lots of them may be the cases like Justice Sotomayor pointed out, where there's a question about was this a suspension of more than 14 days or not, or is this an employee who's entitled to civil service protections or not. So there's a question. Alito, Mr. Fletcher, the one thing about this case that seems perfectly clear to me is that nobody who's not a lawyer and no ordinary lawyer could read these statutes and figure out what they are supposed to do. And now this isn't your fault. Now, we'll decide this case, and that won't make things clear. There still will be all sorts of questions. Can't something be done about this? This is a case that's about, at bottom, not very much substantively, right? No matter which side wins, Mr. Perry will, in the end, get a decision, if he wants it, in the district court on both of the questions. Yes. So what can be done to clear up this? This is unbelievably complicated. I'm not going to fight your point that this is a complicated statutory scheme or your point that it's going to remain so, whatever the Court does with this case. I think the agencies are doing the best that they can by providing notices of appeal rights, and here, you know, Petitioner was advised, your appeal right lies in the Federal Circuit. Here's how to file that appeal. Here's the deadline for filing that appeal. Here's information about how to file that appeal. And who wrote this statute? Somebody who takes pleasure out of pulling the wings off flies? I think Congress was trying to balance, mesh together two systems, the civil service system and the Federal discrimination laws, and it was trying to play this. The way you end up, though, is a situation where, peculiarly, the MSPB has jurisdiction because uniformity is desirable in a particular area, even though it doesn't have uniformity, it can't enforce uniformity as a matter of substantive law. And we held in Kleckner it can't enforce uniformity as a matter of procedural laws. And you made these arguments in Kleckner and lost on procedure, and now you're saying, well, jurisdiction is different, so we can make the same arguments there. And in terms of accessibility of the statute and simplicity, it would seem wiser  Well, I don't think the Court did reject those arguments in Kleckner. I think it rejected them, though. I'm not going to tell the Court what it meant in Kleckner. As I read footnote 4 of the opinion, it doesn't say, it doesn't deny that Congress was interested in uniformity and an efficiency of judicial review. It just says that the text foreclosed the argument we were making in Kleckner. If you could tell me, besides this voluntary settlement issue, what else is jurisdictional? What else besides something that doesn't match 75-12, the furlough and suspension? So if we go down your route, and I'm writing that opinion, which I hope not, but if I were. What would I tell the practicing bar about what the board labeled as a jurisdictional really counts as jurisdictional? I think you would tell them that it's yoked to the text that this focused on in Kleckner, which is section 7702a1, which says that to be a mixed case, you have to have been affected by an action that you can appeal to the board. And in Elgin, this Court explained that the actions that you can appeal to the board generally are determined by the kind of action that you've suffered, a removal, a suspension, and so forth, and the kind of employee that you are. Are you a civil servant? Are you preference eligible? Are you otherwise in a category that's entitled to these protections and given rights to appeal to the board? That's what we mean by jurisdictional, and that's it. Sotomayor, and I think that gets to the point of why it is that Congress might have wanted to keep these questions in the Federal Circuit. And this gets back to your question, Mr. Chief Justice. It's absolutely right that in some cases Congress sacrificed that interest in uniformity because it wanted to pursue other values, because it wanted to protect employees' rights to trial de novo. And the point that I want to get to here is that the particular type of disputed issue here, an appealability dispute, doesn't implicate those reasons that caused Congress to sacrifice uniformity in other contexts.  it's a case that's in the Federal Circuit. Roberts, when we're talking about folks knowing where to go and making it easier on them, can you help me with the same question I had for Mr. Landau, which is B-2, as I read it, talks about cases of discrimination filed under Federal discrimination laws go to district court, and everything else goes to the Federal Circuit. Now, that would be a nice, clean rule, right? Individuals would know that their civil service disputes go to the Federal Circuit. And discrimination claims go to district court. We have to add a lot of words to the statute on standards of review for the district court if they're going to be reviewing administrative actions. We have to ignore the standard review that is prescribed by the statute for the district court, de novo, when it comes to certain claims that would come before them. We have to worry about all this equitable tolling as well, and a regulation that may or may not say what the government says it says. Wouldn't it be a lot easier if we just followed the plain text of the statute? What am I missing? So I think it might be a simpler system, but it would be a system that would require the sort of claim splitting that Justice Kagan referred to earlier in a much more serious way. I think also, I agree with you, the statute doesn't expressly provide for district courts to decide civil service claims. I think it's fairly read. It's not elegantly drafted, but I think it's fairly read to allow that. And let me give you a couple of reasons. Let me give you a couple of reasons why. Yes. Not reasons. Where in the language. Absolutely. So we start with a general rule that says, in Section 7703b1, that says, except as provided in paragraph 2, a petition to review a final order or final decision of the board shall be filed in the Federal Circuit. The provision that we've been talking about that says you can bring a discrimination case in district court is an exception to that rule, which suggests to me that what you're doing is seeking review of the board's decision, which, of course, included civil service claims. It doesn't say that. It says, the Except Clause says cases of discrimination filed under Federal discrimination laws. That's what it says. Let me just quote the language. It says, Cases of discrimination subject to the provisions of Section 7702 of this title shall be filed under the applicable anti-discrimination laws. A case of discrimination subject to 7702 is defined as a mixed case that includes both discrimination and other components. In Section 7702 itself, where it says a case of discrimination subject to the. Roberts, that just raises a question what subject to means, right? And you're equating subject to with meeting the test of. But subject to can also mean subject to. It can be tested under. Not that it meets the test, but it can be tested under, right? That's often how Congress uses that phrase. I understand. I may not be grasping that sense. I understand that you might use it to say this is true subject to some other provision that might qualify it. I don't think that's how Congress used it here. It may or may not qualify. Not that it does qualify. I guess. Often it's used in that sense, right? I'm not sure that it – I can agree with that. Really? Why not? You just gave me a good example. Then I think maybe I'm misunderstanding the question. I agree sometimes Congress says the rule is you go to district court subject to, in this case, you can go to some other tribunal. So it's describing an exception. I think that's not what it's doing here. Here it's using that as a description. It's saying cases of – Do you have any authority for that proposition? Klockner, which I think says, you know, this is a question – Besides Klockner. Anything else? Well, Klockner certainly says it, but beyond Klockner. I mean, merits cases have been going to district court for years prior to Klockner. Isn't that right? That's right. Klockner in footnote 4 cites the Federal Circuit's decision in Williams in 1983, which is sort of the first that decided this. And every court that I'm aware of since then has followed it. Right. This would be a kind of revolution. I mean, in – to the extent that you can have a revolution in this kind of case. It would be a big change, yes. So when it goes to the district court, here, first you could go to the district court at the beginning. You can treat it as discrimination, but then you can't bring your civil service part. So now we want to bring both. Yes. And we go to the MPSB. And then we can – now, again, we take an appeal and we go – we have to go to the Federal Circuit. In the MSPB, we then can, if they've kept it for 120 days more, we go right to the district court. Remember that. Then, by the way, if they decide against us, we go right to the district court. Remember that. Now, in the two cases I said to remember, when the district court has them, does the district court decide both the discrimination issue and does it review the civil service issue? So in our view, the answer to that question – It has to be yes. Otherwise, you're going to bounce, bounce, bounce. I don't think that's right. I think those are provisions that you've described that give the employees options to short-circuit the administrative process and go right to court. No, no, you're not following me. I think I'm agreeing with you. I'm saying your answer has to be right, because otherwise, you would get the civil service part – I mean, the discrimination part done, and you'd be back over at the board again, and it would never end. And this poor employee, who is already hungry and thirsty and been going on for quite a while, would just have another loop round to go. Am I right? I think so. Let me just articulate it to make sure we're on the same page. Yes. Our view – and this is not something that not all the courts of appeals have agreed, but our view is that if an employee invokes the provisions of Section 7702e and doesn't wait for a final decision and instead goes straight to court, what he can bring to court are his discrimination claims. He's giving up his civil service. Oh, really? Now, suppose they decide it in the MPSB. Yes. And then he goes to district court. Yes. Does he get review of the civil service claim in district court? Absolutely, yes. All right. The circumstances. Sometimes he does, and sometimes he doesn't. Okay. I see where you're going there in my question. But your first point, Mr. Fletcher, is a contested one. Absolutely. I wanted to make that clear. Yes. It's a contested one that we've lost in a number of circuits. I think it's a contest that our position follows from the reading of the statute, which – and this is 7702e. It's on page 20a of the appendix to our brief. And it says that if an employee invokes one of these 120-day rules, he's entitled to file a civil action to the same extent and in the same manner as provided in the listed anti-discrimination. All right. So just as a matter of pure simplicity, if we could get there, why, if they're going to decide in the district court, I guess under an ordinary ad law set of standards, they're going to decide in the district court, civil service claim as well, and you will have non-uniformity in a whole bunch of cases where the MPSB decided no. Why not bring this one in, too? Because this one in, too, would give you the added – there's no more disuniformity than there is in any of the other cases. And all that you have here, just what he said on jurisdiction, what this case is really about is whether there was a voluntary departure from the civil service or whether it was really fired. Well, I think, Justice Breyer, taking this sort of decision, this appealability determination is going to take and introduce disuniformity into a whole other category of issues like those I was discussing with Justice Sotomayor, and it's going to do it for no good reason, because those are issues that are going to be – they're pure civil service issues. They're going to be adjudicated on the record before the MSPB with no de novo fact finding in the district court. I see that, but it isn't no good reason. The reason is you're cutting out the extra loop. The very reason that you have the district court make the add-law decision in the cases where the MPSB decided against the employee. So the reasoning is the same. It is, I grant you, that much more, but that much more is not a distinction of principle. But I think it is, Justice Breyer, when the MSPB has decided the case, it's decided the civil service claims, it's decided the discrimination claims, it makes sense to say some of those are going to have to be decided in district court, so take all of them to district court, even though there's some loss of uniformity. It doesn't make sense, whereas here you have this threshold appealability question that comes up before the MSPB addresses the merits of either of the questions, and some court is going to have to decide that question. Some court – there's going to have to be a detour to some court at that threshold of the administrative process to decide if the MSPB was right not to let it proceed further. And in our view, it makes a lot more sense to send that to the Federal Circuit, which decides those questions all the time, and which can do it in one layer of judicial review. Because otherwise – Roberts. I'm sorry. Go ahead. I was just going to finish out the thought that under my friend's view, at that threshold point, you go to the district court, and if the employee doesn't like what the district court does or the government doesn't like what the district court does, you potentially have another layer of review in the regional circuit before you can even get to a conclusion about whether or not this was a matter that was properly before the MSPB. In our view, it goes to the court that has a body of law that decides this all the time, and it can put it on the right track administratively much faster. You said there has to be a detour either way. I understand there's a detour in the MSPB to the Federal Circuit under your view. Yes. But where is the other detour? I thought the other route was straight to the district court. It's straight to the district court, but keep in mind, and again, this is page 18 of Petitioner's reply brief, what he's asking the district court to do. He's saying, district court, please review the MSPB's decision that I didn't suffer an appealable action, reverse it, and send it back to the MSPB for further proceedings. Do you think he has to ask that? Suppose he asked something else. Suppose he said, I'd like the district court just to decide this. Could he do that? I don't think he could. I certainly don't think he could for the civil service claims, because those are claims that have to be decided by the board in the first instance. They're subject to Chenery-type standards of administrative review, where they're There are times where the district court does it without the board's doing it first, right, when the board, when the time period lapses? That's not in our view, but that's the contested issue, where some courts do allow that to happen. But in our view, it ought not happen. And I think, in addition, you know, to make the point, I think my friend has suggested that some of the efficiency from his view actually happens when the employee is wrong. When you go to the district court and the district court says, no, the MSPB was correct, this is not an appealable action, what you have is a pure discrimination case. And I take my friend's point. Sotomayor, what happens if he went to the district court and said, I don't care about the board deciding this issue, voluntary or not voluntary? I just want to pursue the discrimination claim. I think if that's what he wants, he should not seek review of the board's decision at all, because the regulation that we talked about earlier, 1614.302b, positions him, if he just acquiesces in the board's decision, to go exhaust his discrimination claim through the ordinary administrative process, through the agency EEO, and then through the EEOC if he wants it, and then he can go straight to district court. So if that's what he wants, he doesn't have to do this at all. But we're here because what he wants is MSPB review of his claim. Roberts. So under your theory, the problem is that if you don't go to the MS, if you don't go to the Federal Circuit, the district court, it will all get mucked up on the CSRA business because they can't go ahead and decide it. You have to wait, it has to go back later because of Chenery issues and the like. And the other side is, well, if you go to the, if you have to go your route, it's the discrimination claim that gets all mucked up, because it may have, you may need to toll the complaints, the exhaustion issue may be complicated. So it's a problem either way, right? I think, though, I think he has our problem, too. We solve the problem that you have with his, but he has the By the tolling and allowing them to start over again? Yes, because, but you need that, too, even if you send these cases to the district court, because if the district court agrees with the MSPB and says you didn't have an appealable action, first of all, the government's going to have a very strong argument that he hasn't exhausted his administrative remedies because he hasn't. And second of all, in those circumstances, the employee may not want to proceed in district court. Very often, Federal employees who have discrimination claims want to get reviewed before an administrative body like the MSPB or the EEOC, because it's easier to litigate there. And so here, if he goes to district court and the district court says the MSPB was right, you don't have an appealable action, you're not entitled to further proceedings in the MSPB, many employees in that circumstance might decide that they don't want to pursue further proceedings in the district court. They might decide, I want to go back and avail myself of my administrative remedies. And what our rule does is get you a quick decision from the Federal Circuit on that question that puts the employees in a position to go back and make that election. Do I want to continue to pursue administrative remedies through the EEOC, or do I want to go ahead and get a final decision from the agency EEO and proceed directly to district court on a pure discrimination claim? That's the circumstance he would have been in if he had just accepted the MSPB's decision. That's what the regulations provide if he hadn't appealed. And we think that's the same position that he ought to be in if he goes to a court and seeks review, but is unsuccessful. We actually think it's sort of odd to let an employee who seeks review of the MSPB's decision and loses somehow skip some steps of the administrative process or end up in a different position than he would have been in if he had just accepted the MSPB's decision in the first place. Thank you. Roberts. Thank you, counsel. Mr. Landau, four minutes. Landau, thank you, Your Honor. Just very briefly, I would like to make two points. First, our interpretation of the statute is not just our interpretation of the statute. It's actually the relevant agency's interpretation of the statute as well. And I omitted in my opening presentation to refer to the regulations, both from the EEOC and from the MSPB, that actually say that the statute, just the way we do, that the jurisdiction over a mixed question turns on the allegations and not just the outcome of the serious civil service action. For the EEOC regulation, it's 29 CFR 1614.302A2. And from the MSPB perspective, it's 5 CFR 1201.151A1. So this is the government, the agencies themselves actually interpret the statute just exactly the way we do. The second point I'd like to make is that there was some allusion to this in the questioning of my friend, the procedural, substantive, jurisdictional lines are among the most elusive in the law. And asking pro se litigants to make these decisions is a fool's errand. And there will be, unless you're to say, as the government seems to suggest, that the MSPB's view on what is jurisdictional is conclusive and cannot be reviewed, and if they say it's jurisdictional, it is jurisdictional, then this Court, presumably and will be drowning for years in cases regarding whether or not a particular agency is properly characterized as procedural, substantive, or jurisdictional. I think our view has the simplicity of saying if you've made the allegations regardless of a serious civil service action, regardless of whether or not the agency accepts those allegations, you have a mixed case, that goes to the district court just like procedural dismissals and just like substantive issues, and the district courts handle it. That's a simple regime for agencies, for affected government employees and agencies and courts to handle. And finally, as this Court said, actually in announcing Kleckner, the government's position in this case is just too complicated to be right. Thank you. Roberts.